NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL ROCCA,

              Plaintiff-Appellee,

  v.

VIP PLAZA INVESTMENT, INC.,

              Defendant-Appellant.

No.   17-56841

D.C. No.
8:16-cv-00891-AG-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 14, 2019[**]
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and ANTOON,[***] District Judge.

Defendant VIP Plaza Investment, Inc., (VIP Plaza) appeals from the district

court's order granting attorneys' fees and costs to Plaintiff Michael Rocca after he

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

prevailed at summary judgment in his ADA lawsuit arising from VIP Plaza's maintenance of access barriers at its shopping center. As the parties are familiar with the facts, we do not recount them here. We affirm.

To establish standing in a lawsuit seeking injunctive relief, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). VIP Plaza argues that Rocca failed to show that the threat of future injury was imminent because Rocca "was not likely to revisit [the shopping center] nor had any such intentions." However, Rocca declared that he "intend[s] to return to the [shopping center]." VIP Plaza does not dispute, or even address, Rocca's declaration. Therefore, Rocca has established that the threat of future injury was imminent. *See Chapman v. Pier 1 Imps. (U.S.)*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc) ("The threat of repeated injury in the future is 'real and immediate' so long as the encountered barriers either deter him from returning or continue to exist at a place of public accommodation to which he intends to return.").

In one sentence, VIP Plaza also contends that the district court should not have awarded attorneys' fees to Rocca. But VIP Plaza waived its challenge to the

attorneys' fees award because a "bare assertion of an issue does not preserve a claim." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

**AFFIRMED**.